Lewis A. HARRY, Jr., Plaintiff—Appellant,

v.

ARIZONA DEPARTMENT OF CORRECTIONS; et al., Defendants—Appellees.

No. 04–16517.

D.C. No. CV–01–00340–BPV.

United States Court of Appeals, Ninth Circuit.

Submitted May 9, 2005.[*]

Decided May 13, 2005.

---

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Lewis A. Harry, Jr., ASPCL—Arizona State Prison Complex (Lewis), Buckeye, AZ, pro se.

Donna Marie Killoughey, Brown Lassiter & Killoughey PLC, Mesa, AZ, Wanda E. Hofmann, Tucson, AZ, for Defendants–Appellees.

Appeal from the United States District Court for the District of Arizona; Bernardo P. Velasco,** Magistrate Judge, Presiding.

Before PREGERSON, CANBY, and THOMAS, Circuit Judges.

## MEMORANDUM***

Lewis A. Harry, Jr., an Arizona state prisoner, appeals pro se the district court's summary judgment in favor of defendants in his 42 U.S.C. § 1983 action alleging defendants acted with deliberate indifference to his serious medical needs in temporarily failing to provide him with a restricted diet. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's grant of summary judgment. *Lopez v. Smith,* 203 F.3d 1122, 1131 (9th Cir.2000) (en banc). We affirm in part, vacate in part, and remand.

■ The district court properly granted summary judgment on Harry's claim that failure to deliver food from his special diet during a prison lockdown constituted deliberate indifference. *See Toussaint v. McCarthy,* 801 F.2d 1080, 1112 (9th Cir. 1986) ("Neither precedent nor common sense suggests that delay in providing a special diet arises to the level of deliberate indifference.").

■ Summary judgment was not proper, however, on Harry's claim that prison

** The parties consented in writing to proceed before a magistrate judge.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

officials cancelled his special diet. There is evidence in the record that Harry's special diet was not provided to him for a six-month period, contrary to several doctors' requests that he be provided with a special diet even though he wasn't allergic to wheat, eggs, or dairy. There is evidence that Harry filed several grievances on this matter, but prison officials declined to change his diet. There is also evidence that Harry suffers from an autoimmune system disorder and now weighs 150 pounds, although his verified complaint alleges he once weighed 217 pounds, and prison records show he weighed 190 pounds in 1996.

This evidence, when viewed in the light most favorable to Harry, creates a factual dispute as to whether prison officials intentionally interfered with Harry's prescribed special diet, and whether he suffered harm as a result. *See Lopez*, 203 F.3d at 1132.

On remand, the district court may also consider whether the evidence shows a genuine issue of material fact as to whether Dr. Strubeck interfered with Harry's special diet order in retaliation for filing this action. *See, e.g., Rhodes v. Robinson*, 408 F.3d 559, 569–70 (9th Cir.2005).

The parties shall bear their own costs on appeal.

**AFFIRMED in part, VACATED in part; REMANDED.**

\* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.